IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MAINE

CIVIL ACTION FILE NO.:  _____

| | | |
|---|---|---|
| GEOPIER FOUNDATION COMPANY, INC., | ) ) | |
| Plaintiff, | ) | |
| | ) | **COMPLAINT** |
| v. | ) | [Jury Trial Demanded] |
| | ) | |
| H. B. FLEMING, INC. | ) | |
| Defendant. | ) | |

Plaintiff Geopier Foundation Company, Inc. ("Geopier"), complaining of

Defendant H. B. Fleming, Inc. ("Fleming"), says and alleges as follows:

## THE PARTIES

1.      Plaintiff Geopier is, and at all relevant times has been, a corporation

organized and existing pursuant to the laws of the State of Georgia.  Geopier's main office and

principal place of business is in Davidson (Mecklenburg County), North Carolina.

2.      Upon information and belief, Defendant Fleming is, and at all relevant

times has been, a corporation organized and existing pursuant to the laws of the State of Maine

with its principal place of business in South Portland (Cumberland County), Maine.

## JURISDICTION AND VENUE

3.      This is an action for Patent Infringement arising under 35 U.S.C. §§ 271,

281, 283, 284, and 285, among others.

4.      This Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. §§ 1331 and 1338 in that this action arises under the laws of the United States and relates to Patent Infringement.

5.      This Court has personal jurisdiction over the Defendant because Defendant regularly conducts business in this District, has its principle place of business in this District, and performed acts giving rise to this action within this District.

6.      Venue is proper in this District pursuant to 28 U.S.C. §§ 1391 and 1400 in that Defendant regularly conducts business in this District, has its principle place of business in this District, and, upon information and belief, the events giving rise to this action occurred in this District.

## GENERAL ALLEGATIONS

### Geopier's Business

7.      Geopier has for many years made a considerable investment in, and is a leading developer of, engineering systems and products that are utilized to reinforce soil.  This reinforcement provides sufficient load-bearing support and controls structural settlement for various construction projects.

8.      Geopier's innovative developments include its Rammed Aggregate Pier® systems.  Rammed Aggregate Pier® systems are used to reinforce good to poor soils, including soft to stiff clay and silt, loose to dense sand, organic silt and peat, variable, uncontrolled fill, and soils below the groundwater table.

9.      One of Geopier's Rammed Aggregate Pier® systems is its Rampact® system.  The Rampact® system creates stiff Rammed Aggregate Pier® elements using a patented process.

10.      Rammed Aggregate Pier® systems, including the Rampact® system, are efficient and cost-effective solutions for the support of settlement-sensitive structures.

11.      Rammed Aggregate Pier® systems, including the Rampact® system, allow for construction of various structures and projects on land that would not otherwise support the construction of those structures and projects.

12.      Rammed Aggregate Pier® systems, including the Rampact® system, are used to support commercial, residential, industrial and transportation applications including, among other structures, buildings up to twenty stories tall, industrial tanks, heavily to lightly loaded floor slabs, MSE walls, and embankments and other transportation structures.

### H. B. Fleming, Inc.'s Business

13.      Upon information and belief, Fleming is a contractor specializing in pile driving, cofferdams, excavation support, drilled shafts and subaqueous pipelines.

14.      Upon information and belief, Fleming's services include, among other things, construction of Stone Displacement Piers, also referred to by Fleming as compacted stone columns.

15.      Upon information and belief, Fleming provides its services in, at least, the North Eastern United States, including Maine.

## THE PATENT-IN-SUIT

16.     On June 21, 2011, the United States Patent and Trademark Office ("USPTO") issued a patent bearing U.S. Patent No. 7,963,724 ("the '724 Patent") titled "Method of Providing a Support Column."

17.     A true and correct copy of the '724 Patent is attached hereto as Exhibit A.

18.     Geopier is, and was at all relevant times, the owner of the '724 Patent.

19.     Generally, the '724 Patent discloses a method utilized in Geopier's Rammed Aggregate Pier® systems, specifically the Geopier Rampact® System.

20.     Only Geopier and its authorized licensees may make use of the method disclosed in the '724 Patent.

## FLEMING'S INFRINGEMENT OF THE '724 PATENT

21.     Fleming is not a licensee of Geopier.

22.     Fleming is not authorized by Geopier in any way to use, offer to sell, sell, market and/or promote any patented technology owned by Geopier, including but not limited to the invention disclosed in the '724 Patent.

23.     Fleming, without authorization, used, offered for sale, sold, marketed, and/or promoted the method claimed by the '724 Patent at least as early as the summer of 2013. Specifically, Fleming has used, offered for sale, sold, marketed, and/or promoted services relating to its Stone Displacement Piers, which utilize the method claimed by the '724 Patent.

24.     Upon information and belief, Fleming continues to use, offer to sell, sell, market, and/or promote the method claimed by the '724 Patent.  Specifically, Fleming is using,

4

offering for sale, selling, marketing, and/or promoting services relating to its Stone Displacement Piers, which utilize the method claimed by the '724 Patent

25.     Fleming's use, offer for sale, sale, marketing, and/or promotion of certain services, including at least Fleming's Stone Displacement Piers, constitutes Patent Infringement pursuant to 35 U.S.C. § 271, either literally or under the doctrine of equivalents.

## FLEMING'S WILLFUL INFRINGEMENT OF THE '724 PATENT

26.     In a letter dated September 9, 2013, Geopier informed Fleming of its ownership of the '724 Patent and its exclusive right practice the invention disclosed therein.  The letter also demanded that Fleming cease the wrongful offer for sale, sale, and use of Geopier's pier installation technology, specifically the methods for constructing compacted stone columns covered by one or more claims in at least the '724 Patent.

27.     Therefore, by at least September 2013, Fleming had actual knowledge of the '724 Patent, and Geopier's rights therein.

28.     Upon information and belief, Fleming even had knowledge of Geopier's Patents, including the '724 Patent, prior to September 2013 and by at least April 2009.

29.     For example, Fleming was advised of certain intellectual property owned by Geopier relating to engineering systems and products that are utilized to reinforce soil. Specifically, counsel for Geopier sent a letter to Fleming in April 2009 advising Fleming of U.S. Patent No. 7,226,246 owned by Geopier titled "Apparatus and Method for Building Support Piers from One or Successive Lifts Formed in a Soil Matrix."

30.     Therefore, since at least April 2009, Fleming has been aware of Geopier's presence in the marketplace, and been aware that Geopier owns patents relating to engineering systems and products that are utilized to reinforce soil.

31.     Despite having actual knowledge of the '724 Patent, and Geopier's rights therein, Fleming, upon information and belief, continued to use, offer to sell, sell, market and/or promote the method claimed by the '724 Patent without authorization from Geopier.

32.     Upon information and belief, Fleming, with actual knowledge of the '724 Patent and Geopier's rights therein, continues to use, offer to sell, sell, market, promote, and otherwise practice the invention disclosed in the '724 Patent, without authorization, to customers in, at least, Maine.

33.     Upon information and belief, Fleming knew that by using, offering for sale, selling, marketing, and/or promoting certain services, including but not limited to its Fleming's Stone Displacement Piers, Fleming was infringing Geopier's patent rights, including Geopier's rights in the '724 Patent.

34.     The unauthorized and wrongful use, offer for sale, sale, marketing and/or promotion of certain services performed by Fleming, including at least, Fleming's Stone Displacement Piers, with knowledge of and reckless disregard for Geopier's rights in the '724 Patent, constitutes willful infringement pursuant to 35 U.S.C. § 284.

**FIRST CLAIM FOR RELIEF**
**[Patent Infringement - 35 U.S.C. §271]**

35.     The allegations contained in Paragraphs 1 through 34, inclusive, are incorporated by reference as if fully set forth.

36.     The '724 Patent is valid and subsisting.

6

37.     The '724 Patent has not expired, and has not been canceled or abandoned at any time since being filed with and issued by the USPTO.

38.     The unauthorized use, offer for sale, sale, marketing and/or promotion of certain services performed by Fleming, including at least, Fleming's Stone Displacement Piers, constitutes infringement of the '724 Patent pursuant to 35 U.S.C. § 271.

39.     Geopier has sustained damage as a result of Fleming's infringement of Geopier's patent rights.

40.     The damage to Geopier is irreparable.

41.     Geopier has no adequate remedy at law.

42.     Unless Fleming is enjoined and restrained from wrongfully infringing Geopier's patent rights, Geopier will continue to sustain damage as a result of Fleming's infringement and wrongful conduct.

43.     Because Geopier actively licenses the technology covered by the '724 Patent, the balance of hardships from an injunction favor Geopier and the public interest would be served by an injunction.

44.     Accordingly, Geopier is entitled to a permanent injunction against continued infringement pursuant to 35 U.S.C. § 283.

45.     Because Fleming has infringed the '724 Patent, Geopier is entitled to damages in an amount adequate to compensate for the infringement, but no event less than a reasonable royalty for the use made of the invention by the infringer, together with interest and costs as fixed by the court pursuant to 35 U.S.C. § 284.

## SECOND CLAIM FOR RELIEF
### [Willful Patent Infringement - 35 U.S.C. §284]

46. The allegations contained in Paragraphs 1 through 45, inclusive, are incorporated by reference as if fully set forth.

47. Geopier has sustained damage as a result of Fleming's willful infringement of its patent rights.

48. The unauthorized and wrongful use, offer for sale, sale, marketing and/or promotion of certain services performed by Fleming, including at least, Fleming's Stone Displacement Piers, with knowledge of and reckless disregard for Geopier's rights in the '724 Patent, constitutes willful infringement pursuant to 35 U.S.C. § 284.

49. Because Fleming's infringement of the '724 Patent has been, upon information and belief, conscious, deliberate, and willful, Geopier is entitled to a permanent injunction against continued infringement pursuant to 35 U.S.C. § 283.

50. Because Fleming's infringement of the '724 Patent has been, upon information and belief, willful, Geopier is entitled to recover from Fleming a sum equal to three times the amount of damages proven at trial pursuant to 35 U.S.C. § 284.

51. Additionally, because Fleming's infringement of the '724 Patent has been, upon information and belief, willful, this constitutes an exceptional case, entitling Geopier to recover its reasonable attorneys' fees from Fleming pursuant to 35 U.S.C. § 285.

## DEMAND FOR JURY TRIAL

Geopier demands a trial by jury on all issues of fact so triable.

**WHEREFORE**, Geopier respectfully pray unto the Court that:

1.      The Court enter a Judgment declaring the '724 Patent valid and owned by Geopier.

2.      The Court enter an Order granting Geopier permanent injunctive relief barring H. B. Fleming, Inc., directly or indirectly through agents or representatives, from using, offering to sell, selling, marketing, and/or promoting pier construction services that infringe upon the '724 Patent.

3.      The Court enter Judgment in favor of Geopier against H. B. Fleming, Inc. for damages in an amount adequate to compensate for the infringement, but no event less than a reasonable royalty for the use made of the invention by the infringer, together with interest and costs as fixed by the court pursuant to 35 U.S.C. § 284.

4.      The Court enter Judgment in favor of Geopier against H. B. Fleming, Inc. in an amount equal to three times its damages, plus interest as permitted by law pursuant to 35 U.S.C. § 284.

5.      That the Court tax the costs of this action, including reasonable attorneys' fees as permitted by 35 U.S.C. § 285 and/or other applicable law, against H. B. Fleming, Inc. and in favor of Geopier;

6.      The Court grant Geopier such other and further relief as it deems just and proper.

Dated this 3rd day of March, 2014.

/s/ Peter L. Murray

Peter L. Murray
Maine Bar No. 1135
E-mail: pmurray@mpmlaw.com
Murray, Plumb & Murray
75 Pearl Street
Post Office Box 9785
Portland, Maine 04104-5085
Telephone:  (207) 523-8220
Attorney for Geopier Foundation Company, Inc.

AND

Donalt J. Eglinton (Pro hac vice to follow)
N.C. State Bar I.D. No.:  010314
E-mail: dje@wardandsmith.com
Joseph A. Schouten (Pro hac vice to follow)
N.C. State Bar I.D. No.:  39430
E-mail: jas@wardandsmith.com
Andrew R. Shores (Pro hac vice to follow)
N.C. State Bar I.D. No.:  46600
E-mail: arshores@wardandsmith.com
For the firm of
Ward and Smith, P.A.
Post Office Box 867
New Bern, NC  28563-0867
Telephone:  (252) 672-5400
Facsimile:  (252) 672-5477
Attorneys for Geopier Foundation Company, Inc.